UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK D. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BYTEDANCE LTD., et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-03353-DJC-CSK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO PROCEED IFP<br><br>(ECF No. 2) |

Plaintiff Kirk D. Williams is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons stated below, the Court DENIES Plaintiff's request to proceed IFP without prejudice.

I.    **LEGAL STANDARDS**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

1  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify to proceed in forma pauperis, the
2  litigant must submit an affidavit that includes a statement of all assets they possess.
3  28 U.S.C. § 1915(a)(1). The affidavit must also state that the person is unable to pay the
4  fees or give security. *Id*. The affidavit must provide "sufficient details concerning [the
5  applicant's] income, assets, and expenditures[.]" *Williams v. Cnty. of Ventura*, 443 F.
6  App'x 232, 233 (9th Cir. 2011) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th
7  Cir. 1981) (an affidavit claiming poverty in support of a motion made under
8  28 U.S.C. § 1915 must state the relevant facts "with some particularity, definiteness, and
9  certainty").

10 **II.   DISCUSSION**

11       In its current form, Plaintiff's IFP application is incomplete. *See* ECF No. 2.
12 Plaintiff does not respond to questions regarding the following: amount of money in cash
13 or in a checking or savings account; any monthly expenses; any dependents and how
14 much support is contributed; and whether Plaintiff has any debts or financial obligations.
15 *See id*. at 2 ¶¶ 4-8. Therefore, Plaintiff's IFP application lacks sufficient detail to establish
16 that he is entitled to prosecute this case without paying the required fees. *See Williams*,
17 443 F. App'x at 233; *see also* 28 U.S.C. § 1915(a)(1). Plaintiff will be provided an
18 opportunity to file an amended IFP application. Therefore, Plaintiff's request to proceed
19 in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal. Plaintiff is
20 warned that failure to pay the filing fee or submit a complete IFP application with
21 sufficient detail by the prescribed deadline may result in a recommendation that this
22 action be dismissed.

23 **III.  CONCLUSION**

24       In accordance with the above, IT IS ORDERED that:
25       1.    Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED
26             without prejudice; and
27 / / /
28 / / /

2. Plaintiff must pay the filing fee or file a complete and signed application to proceed IFP within thirty (30) days from the date of this order.

Dated: January 7, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, will3353.25