UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK D. WILLIAMS, | Case No. 2:25-cv-03353-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| BYTEDANCE LTD., et al., | |
| Defendants. | (ECF Nos. 3, 6, 8) |

Plaintiff Kirk D. Williams is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 6.) For the reasons stated below, the Court DENIES Plaintiff's request to proceed IFP without prejudice.

## I.    LEGAL STANDARDS

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify to proceed in forma pauperis, the litigant must submit an affidavit that includes a statement of all assets they possess. 28 U.S.C. § 1915(a)(1). The affidavit must also state that the person is unable to pay the fees or give security. *Id*. The affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures[.]" *Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an affidavit claiming poverty in support of a motion made under 28 U.S.C. § 1915 must state the relevant facts "with some particularity, definiteness, and certainty").

## II.    DISCUSSION

### A.    Plaintiff's Request to Proceed IFP

Plaintiff's IFP application indicates he receives an average monthly income of $1,200 a month. ECF No. 6. ¶ 1. However, Plaintiff does not include his or his spouse's gross monthly pay from their most recent employer for the past two years. *Id*. ¶¶ 2-3. Plaintiff also does not address if he expects any changes to his monthly income or expenses or address other expenses-related questions. *See Id.* ¶¶ 9-11. The Court previously informed Plaintiff that his IFP application must provide sufficient details to establish that he is entitled to prosecute this case without paying the required fees. *See* 1/7/2026 Order (ECF No. 5) (citing *Williams*, 443 F. App'x at 233; 28 U.S.C. § 1915(a)(1)). Because of these omissions, Plaintiff's IFP application fails to establish that he is entitled to prosecute this case without paying the required fees. *See* 28 U.S.C. § 1915(a)(1). Plaintiff will be provided a final opportunity to file an amended IFP application. Therefore, Plaintiff's request to proceed in forma pauperis (ECF No. 6) is DENIED without prejudice to its renewal in proper form. Plaintiff is warned that failure to pay the filing fee or submit a complete IFP application by the prescribed deadline may result in a recommendation that this action be dismissed.

### B.    Unsigned First Amended Complaint

Additionally, the First Amended Complaint ("FAC") is not personally signed by

2

Plaintiff. FAC at 12 (ECF No. 3). Federal Rule of Civil Procedure 11(a) requires that if a party is not represented by an attorney, "[e]very pleading, written motion, and other paper must be signed" by the party personally. *See also* E.D. Local Rule 131(b). Plaintiff is instructed that while he remains unrepresented, he must personally sign every pleading, motion, and other paper he submits to the Court. Within thirty (30) days from the date of this order, Plaintiff must re-file his entire FAC with his signature. *See* Fed. R. Civ. P. 11(a); *see also* E.D. Cal. Local Rule 131(b). Plaintiff is warned that failure to timely submit a signed FAC may result in a recommendation that this action be dismissed.

**C.      Request for Reasonable Accommodation**

Plaintiff has also filed a request for reasonable accommodation. (ECF No. 8.) Plaintiff requests enlarged print of filings, accessible documents in a format compatible with screen-reading software, and an indeterminate extension of time for current deadlines. *See generally Id.* Plaintiff's request for a standing extension of time for deadlines is denied. Plaintiff must file a tailored request to a specific deadline and a showing of good cause. Plaintiff has not done so here. Plaintiff is reminded of the requirement to follow the Local Rules, the Federal Rules of Civil Procedure, and court orders. In addition, if Plaintiff would like to receive electronic service of documents in lieu of receiving service by mail, Plaintiff may file a request indicating he consents to receive service of documents electronically and that he waives the right to receive service by first class mail pursuant to FRCP 5(b)(2)(D).

Plaintiff is further cautioned to carefully review the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of California,[2] and Judge Kim's Civil Standing Orders.[3] Pro se litigants are expected to know and comply with the rules of civil

---

[2]  The Local Rules of the United States District Court for the Eastern District of California are available on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.
[3]  Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

procedure. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## III.   CONCLUSION

In accordance with the above, IT IS ORDERED that:

1.   Plaintiff's request for reasonable accommodation (ECF No. 8) is DENIED;

2.   Plaintiff's request to proceed in forma pauperis (ECF No. 6) is DENIED without prejudice;

3.   Plaintiff must pay the filing fee or file a complete and signed application to proceed IFP within thirty (30) days from the date of this order; and

4.   Plaintiff must re-file his entire First Amended Complaint with his signature within thirty (30) days from the date of this order.

Dated:  April 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, will3353.25

4